NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DHIRAJ CHHAPARWAL, M.D., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 07-CV-3608 (DMC) |
| WEST VIRGINIA UNIVERSITY HOSPITALS, INC., *et al.*, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion to dismiss by Defendants West Virginia University Hospitals, Inc. ("Hospital") and Bruce McClymonds ("McClymonds," collectively, "Defendants"). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering Defendants' submissions, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss *pro se* Plaintiff Dhiraj Chhaparwal's ("Plaintiff") Complaint in its entirety pursuant to FED. R. CIV. P. 4(m); and 12(b)(5) for defective service of process is **granted**.

**I.     BACKGROUND**[1]

Plaintiff is a former pediatric resident at the Hospital and purported current resident of New Jersey. The Hospital is a private West Virginia corporation. McClymonds is the Hospital's President and Chief Executive Officer and is a resident of the State of West Virginia. Plaintiff was formerly an employee of the Hospital and currently resides in New Jersey. Plaintiff filed his

---

[1] Defendants' motion was unopposed by Plaintiff.

1

Complaint against Defendants on August 1, 2007.

The Complaint asserts a number of claims relating to Plaintiff's residency with, and separation from, the Hospital. On August 6, 2007, the Clerk of the Court issued summonses directed to the Hospital and McClymonds and mailed them to Plaintiff. On November 29, 2007, more than 120 days after the Complaint was filed, Plaintiff attempted to serve Defendants by mailing copies of the summonses and the Complaint to them in a single envelope at the Hospital's business address *via* United States Postal Service Express Mail ("Mail") return receipt requested.

Plaintiff's attempted service on Defendants was not effective under FED. R. CIV. P. 4(m). Accordingly, more than 120 days have passed since the filing of the Complaint and Plaintiff has failed to effect proper service on Defendants. Because Plaintiff failed to demonstrate good cause for his failure to effect proper service on Defendants within the prescribed time period, the Complaint is **dismissed**.

## II.   STANDARD OF REVIEW

In determining whether to dismiss a complaint under FED. R. CIV. P. 4(m) for failure to serve a defendant within 120 days, the District Court initially must determine whether good cause exists to extend the time for service. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). The concept of good cause requires a "demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). This Court has stated that "good cause may be found when a delay in issuance of service of a summons is due to something beyond plaintiff's control." Cox v. New

Jersey, 1990 U.S. Dist. LEXIS 5638 (D.N.J. 1990).

**III.    DISCUSSION**

    A.    The Complaint is Dismissed as Against the Hospital and McClymonds for Defective Service of Process

The Federal Rules of Civil Procedure mandate proper service of a summons and complaint upon a defendant within 120 days of its filing with the court.  See FED. R. CIV. P 4(m).  It is the plaintiff's burden to establish that he has served the defendant properly and in accordance with the law.  See Hemmrich Indus., Inc., v. Moss Brown & Co., Inc., 114 F.R.D. 31, 32 (E.D. Pa. 1987).  Here, Plaintiff is unable to meet this burden, as his only attempt to serve Defendants within the prescribed period was improper.  Plaintiff's mailing copies of the Complaint and Summonses to Defendants in a single envelope *via* Mail on November 29, 2007 did not comport with the Federal Rules of Civil Procedure relating to service of process.  Because of Plaintiff's  failure to effect proper service on Defendants, Plaintiff's Complaint is dismissed without prejudice.

    B.    Plaintiff's Service of Process Upon McClymonds was Improper

FED. R. CIV. P 4(e) provides, that service upon an individual can be effected:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies of thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service pf process.

FED. R. CIV. P. 4(e)(1) and (2).  Plaintiff did not serve Defendants with the Summons and

3

Complaint personally, did not leave copies at Defendants' dwelling house or usual place of abode with a suitable person and did not deliver copies to an authorized agent. As permitted by FED. R. CIV. P. 4(e)(1), Plaintiff also could have effected service in accordance with the laws of New Jersey or the laws of West Virginia (where Plaintiff attempted to effect process). His attempted service, however, did not comport with either State's laws.

Under N.J. Ct. R. 4:4-4(a), service can be obtained by personally serving the defendant within the State of New Jersey. Plaintiff did not personally serve McClymonds in New Jersey. Pursuant to N.J. Ct. R. 4:4-4(b), New Jersey's "long-arm statute," an out-of-state resident can be served *via* personal service outside of New Jersey or by "registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail," addressed to "the individual's dwelling house or usual place of abode." 4:4-4(b)(1)(C). The methods of service permitted are effective only if the serving party submits an affidavit stating that "despite diligent effort and inquiry personal service cannot be made in accordance with [N.J. Ct. R. 4:4-4(a)]." Plaintiff's attempt to serve McClymonds by Mail at his place of employment, without submitting the requisite affidavit, did not comport with N.J. Ct. R. 4:4-4(b).

N.J. Ct. R. 4:4-4(c) permits "Optional Mailed Service." N.J. Ct. R. 4:4-4(c) states "[w]here personal service is required to be made pursuant to paragraph (a) of this rule service, in lieu of personal service, may be made by registered, certified or ordinary mail, provided, however, that such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto . . ." Because McClymonds did not answer the Complaint, Plaintiff did not effect proper service under N.J. Ct.

4

R. 4:4-4(c).

Thus, Plaintiff did not effect proper service on McClymonds under N.J. Ct. R. within the 120-day period following the filing of his Complaint.

    C.    <u>Plaintiff's Attempt to Serve McClymonds Did Not Comport with the West Virginia Rules of Civil Procedure  Regarding Service of Process</u>

Plaintiff's service did not comport with West Virginia Rules of Civil Procedure. Regarding service of process.  Pursuant to W. VA. R. CIV. P. 4(d), service upon an individual may be made by:

> (A) Delivering a cope of the summons and complaint to the individual personally; or
>
> (B) Delivering a copy of the summons and complaint at the individual's dwelling place of usual place of abode to a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purport of the summons and complaint; or
>
> (C) Delivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint in the individual's behalf; or
>
> (D) The clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee; or
>
> (E) The clerk sending a copy of the summons and complaint by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk.

W. VA. R. CIV. P. 4(d)(1)(A)-(E). Sections (A) - (C) were not satisfied, as neither McClymonds nor an authorized agent was personally served with the Summons and Complaint.  The mail service options require, *inter alia*, that the Summons and Complaint be mailed to the Clerk of

Court and not, as was occurred here, by the Plaintiff. Thus, Plaintiff did not effect proper service on McClymonds under the West Virginia Rules within the prescribed period of time and his Complaint is dismissed in its entirety.

      D.      <u>Plaintiff's Service of Process Upon the Hospital was Improper</u>

FED. R. CIV. P. 4(h) provides, that service upon a corporation be effected either "pursuant to the law of the state in which the district court is located, or in which service is effected," or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process." FED. R. CIV. P. 4(h).

In the current case, Plaintiff did not physically deliver the Summons and Complaint to an officer or authorized agent of the Hospital. As permitted by FED. R. CIV. P. 4(h), Plaintiff also could have effected service in accordance with the laws of New Jersey or the laws of West Virginia. His attempted service, however, did not comport with these States' laws.

Plaintiff did not serve the Hospital in accordance with N.J. Ct. R. 4:4-4(a), as he did not personally serve the Hospital in New Jersey. Nor did Plaintiff's attempted service satisfy the procedural requirements of New Jersey's long-arm statute. N.J. Ct. R. 4:4-4(b) provides for services upon out-of-state corporations by personal service outside New Jersey or service by "registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail," addressed to the corporation's "registers agent for service, or to its principle place of business, or to its registered office." N.J. Ct. R. 4:4-4(b)(1)(C). Plaintiff's attempt to serve the Hospital by Mail only, and without submitting the requisite affidavit, did not comport with N.J. Ct. R. 4:4-

4(b).

Further, service was not effected under N.J. Ct. R. 4:4-4(c), because the Hospital has not answered the Complaint. Accordingly, Plaintiff did not effect proper service on the Hospital under the N.J. Ct. R. within the 120 day period following the filing of his Complaint.

Given that the Defendants have not been properly served, this action is dismissed. Here, Plaintiff's failure to effect proper service within the prescribed 120-day period was not due to circumstances beyond his control. The Clerk mailed the Summonses to Plaintiff on August 6, 2007. Plaintiff's only attempt to serve Defendants within the prescribed period of time was defective and was exactly 120 days after the Complaint was filed. Moreover, to the extent Plaintiff alleges that he was ignorant to the 120-day rule, this Court previously has held that such excuse by a *pro se* plaintiff is inadequate to support a finding of good cause. See Lovelace v. Acme Mkts., Inc., 820 F.2d 81, 84 (3d Cir. 1987). Because Plaintiff failed to establish good cause and failed to properly serve Defendants with process, Plaintiff's Complaint is dismissed.

## IV.  CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's Motion to Dismiss Plaintiff's Complaint in its entirety pursuant to FED. R. CIV. P. 4(m) and 12(b)(5) for defective service of process is granted. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      April 21, 2008
Orig.:     Clerk
cc:        All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File